**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MILTON LOMELI-CAPETILLO, | No. 10-70944 |
| Petitioner, | Agency No. A037-429-761 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Milton Lomeli-Capetillo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law.  *Coronado v. Holder*, 759 F.3d 977, 982 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2014).  We deny the petition for review.

As Lomeli-Capetillo conceded in his appeal brief before the BIA, an abstract of judgment is a judicially noticeable document that can be used in a modified categorical analysis.  *See Kwong v. Holder*, 671 F.3d 872, 879-80 (9th Cir. 2011).  We are not persuaded by Lomeli-Capetillo's contention that the felony complaint is not a judicially noticeable document and cannot be used in the modified categorical analysis.  *See Cabantac v. Holder*, 736 F.3d 787, 793-94  (9th Cir. 2013) (per curiam) (Where "the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count.").

Under the modified categorical analysis, the abstract of judgment and the felony complaint, taken together, show that Lomeli-Capetillo pled guilty to two counts of violating California Health & Safety Code § 11379(a), transportation of methamphetamine.  *See id.; Coronado*, 759 at 984-86.  Accordingly, the agency properly concluded that the Department of Homeland Security presented clear and convincing evidence that Lomeli-Capetillo is removable under 8 U.S.C. § 1227(a)(2)(B)(i).

We deny the government's renewed motion for remand.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**